PER CURIAM.
Anchor Associates of Orange County, Inc. appeals the summary final judgment in favor of Grenada N.V., a Netherlands-Antilles Corporation. The dispute between the parties stems from the terms of a 1982 contract regarding the triggering of Grenada’s obligation to pay its pro rata share of certain road building expenses incurred by Anchor. We agree with Anchor’s argument that the trial court’s finding that a use occurred requires the entry of summary judgment in Anchor’s favor, and accordingly, we reverse.
Anchor had a long term lease on property adjacent to property owned by Grenada. Anchor and Grenada wanted to build a road along their mutual property line and entered into a contract for the construction of Della Drive., Anchor agreed to build the four-lane road and Grenada agreed to pay 11.67% of the construction costs upon the occurrence of certain events. The contract clauses at issue provide:
[Paragraph 3] Grenada agrees to promptly repay in cash its pro rata share of Della Drive costs at such time as it or its successors or assigns begin using Del *242 la Drive to service any of the Grenada property lying westerly of Della Drive. [Paragraph 4] This Agreement shall be binding upon and inure to the benefit of the parties hereto, its successors and assigns, and shall be considered a covenant running with the land owned or leased by the parties contiguous to Della Drive.
Annually since 1985, Marcent of Florida, an affiliate or assign of Grenada, has leased the southeast corner of Grenada’s property to a Christmas tree concessionaire for one month periods. The general public and the concessionaire use Della Drive in furtherance of the tree sales. This portion of Grenada’s land is both west of and contiguous to Della Drive.
Anchor took the position that the above activity constituted a use of Della Drive and Grenada was therefore obligated to pay $29,330.05 in road building costs. Grenada’s position was that use of Della Drive for Christmas tree sales was inconsequential and insufficient to trigger its repayment obligation. The trial court found that Della Drive was used to access the Christmas tree lot, but because the use was de minimis it did not obligate Grenada to pay.
Under the plain language of the contract, any use of Della Drive to service appropriately situated Grenada property triggers the repayment obligation. It is immaterial whether the use is de minimis or significant. Once the trial court determined a use had occurred, it was incumbent upon the court to enter judgment in favor of Anchor. Accordingly, we reverse and remand for entry of judgment for Anchor.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.
GOSHORN, C.J., concurs without participation at oral argument.